Thomas E. Chase, Esq.
ROTTENBERG LIPMAN RICH, P.C.
Park 80 West, Plaza One
250 Pehle Avenue, Suite 101
Saddle Brook, New Jersey 07663
Tel: (201) 490-2022
*Attorneys for Plaintiff Key Food Stores Co-Operative, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEY FOOD STORES CO-OPERATIVE, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | Civil Action No.<br>) |
| FRESH EMPORIUM FOOD MARKET CORP., | ) **COMPLAINT**<br>) |
| Defendant. | ) (Injunctive relief sought)<br>)<br>) |

Plaintiff Key Food Stores Co-Operative, Inc. ("Key Food" or "Plaintiff"), by its undersigned attorneys, for its complaint against defendant Fresh Emporium Food Market Corp. ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1.  This action for trademark infringement and related violations of law arises out of Defendant's unauthorized use of FRESH EMPORIUM, an imitation of Plaintiff's THE FOOD EMPORIUM trademarks and service marks, for identical and overlapping supermarket-related goods and services.

2.  Defendant's unauthorized use of FRESH EMPORIUM to advertise, promote, and sell its own competing supermarket-related goods and services is causing confusion among consumers and irreparable injury to Plaintiff. Accordingly, Plaintiff brings claims against

1

Defendant for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution and tarnishment under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); statutory unfair competition under N.J.S.A. § 56:4-1; statutory dilution under N.J.S.A. § 56:3-13:20; and unfair competition under New Jersey common law.

## PARTIES

3. Plaintiff is a New York cooperative corporation with its principal place of business at 1200 South Avenue, Staten Island, New York 10314. Plaintiff and its members together own over 200 supermarkets in New York, New Jersey, Connecticut and Pennsylvania.

4. Defendant is a New Jersey corporation with a principal place of business at 757 Route 15, Lake Hopatcong, NJ 07849.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121.

6. This Court has personal jurisdiction over Defendant because, among other reasons, it is a New Jersey corporation and this action arises out of Defendant's conduct in this state.

7. This judicial district is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Key Food's claims occurred in this district.

## FACTUAL ALLEGATIONS

8. In late 2015, members of Plaintiff acquired from the Great Atlantic & Pacific Tea Company ("A&P") certain supermarket stores named "The Food Emporium," which Plaintiff's members currently operate. At that time, Plaintiff also acquired all of the intellectual property

assets and goodwill associated with those stores, including the name and mark THE FOOD EMPORIUM.

9. For many years, the owners of THE FOOD EMPORIUM marks, including Plaintiff and A&P, have marketed and sold supermarket-related goods and services under the THE FOOD EMPORIUM mark, as well as under the distinctive stylized versions of that mark depicted below (collectively, "THE FOOD EMPORIUM Marks").



10. As a result of their long and exclusive use in connection with The Food Emporium stores and the goods and services offered at and through those stores, THE FOOD EMPORIUM Marks have become well-known and distinctive among relevant consumers.

11. THE FOOD EMPORIUM Marks are the subject of federal trademark registrations, including the following:

| Mark | U.S. Reg. No. (Registration Date) | Goods/Services | First Use Date |
|---|---|---|---|
| *the Food Emporium* | 2,685,875 (February 11, 2003) | retail grocery store and delicatessen services; catering services and delicatessen restaurants | April 1980 |
| THE FOOD EMPORIUM | 2,741,163 (July 29, 2003) | retail grocery store and delicatessen services; catering and take-out delicatessen services | April 1980 |

Both of the registrations described above are valid, subsisting, and have become incontestable pursuant to 15 U.S.C. § 1065.

12. Shortly before May 20, 2016, Plaintiff learned that Defendant planned to open supermarket stores at 757 Route 15, Lake Hopatcong, New Jersey and 175 Lakeside Boulevard,

3

Landing, New Jersey under the name and mark FRESH EMPORIUM, and that Plaintiff had advertised this plan in local media.

13.  On May 20, 2016, Plaintiff, through its counsel, advised Defendant of Plaintiff's ownership of and exclusive rights in THE FOOD EMPORIUM Marks, and demanded that Defendant permanently cease and desist from all use of the FRESH EMPORIUM name and mark for or in connection with the Lake Hopatcong and Landing stores and the products and services offered at those stores.

14.  Despite Plaintiff's demand, and with full knowledge of Plaintiff's ownership of and exclusive rights in THE FOOD EMPORIUM marks, on or about May 25, 2016, Defendant opened its stores in Lake Hopatcong and Landing (the "Infringing Stores") using the name and mark FRESH EMPORIUM, and the stylized version of that mark depicted below.



15.  Defendant has advertised, marketed, distributed, offered for sale, and sold a variety of supermarket-related goods and services under and in connection with the FRESH EMPORIUM marks at the Infringing Stores, where Defendant offers its FRESH EMPORIUM-branded products and services to similar or identical consumers through similar or identical channels of trade as THE FOOD EMPORIUM-branded products and services.

16.  Despite further demands by Plaintiff that Defendant cease and desist its use of the FRESH EMPORIUM marks, Defendant has refused to do so, and continues marketing,

4

distributing, offering for sale, and selling its products and services under the FRESH EMPORIUM marks.

17. Defendant's foregoing acts have occurred in interstate commerce and in a manner affecting interstate commerce, including by advertising and promoting the stores at issue, and the products and services offered at those stores, on Facebook and Instagram.

18. Defendant has derived direct and indirect benefits and profits from its unlawful use of the FRESH EMPORIUM marks, at Plaintiff's expense. Defendant's actions have caused and will continue to cause Plaintiff to suffer harm, including but not limited to lost sales, lost profits, and damaged goodwill and reputation.

## CLAIMS FOR RELIEF

### COUNT I:
### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(1)

19. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

20. THE FOOD EMPORIUM Marks are famous and distinctive, and are associated in the public mind with goods and services of the highest quality.

21. Defendant's use of FRESH EMPORIUM in connection with goods and/or services identical and/or closely related to those services provided under or in connection with Plaintiff's federally-registered THE FOOD EMPORIUM Marks has caused and is likely to continue to cause confusion and/or to deceive consumers as to the source or sponsorship of Defendant's goods and services. Consumers are likely to be misled into believing that Defendant's goods and services originate with or are otherwise associated with The Food

5

Emporium stores operated by Plaintiff's members or the goods and services offered at those stores.

22. Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Plaintiff's prior rights, and with full knowledge that Defendant has no right, license, or authority to use any of THE FOOD EMPORIUM Marks or any designations confusingly similar thereto.

23. Defendant's acts are intended to reap the benefit of the goodwill associated with THE FOOD EMPORIUM Marks and constitutes infringement of Plaintiff's federally-registered marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24. Defendant's conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue to both damage Plaintiff and deceive the public.

25. Plaintiff has no adequate remedy at law.

## COUNT II:
## FEDERAL UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)

26. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff's THE FOOD EMPORIUM Marks are distinctive, and are associated in the public mind with goods and services of the highest quality.

28. Plaintiff and its predecessors-in-interest have established strong common law rights in THE FOOD EMPORIUM Marks for and in connection with supermarket and related goods and services.

29. Defendant's use of FRESH EMPORIUM as described above is likely to cause confusion or mistake or to deceive consumers and the public as to the affiliation, connection, or

6

association of Defendant or its goods and services, or as to the origin, sponsorship, or approval of Defendant's goods and services.

30. Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Plaintiff's prior rights, and with full knowledge that Defendant has no right, license, or authority to use any of THE FOOD EMPORIUM Marks or any designations confusingly similar thereto.

31. Defendant's acts are intended to reap the benefit of the goodwill that has been created in THE FOOD EMPORIUM Marks and constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Defendant's conduct has caused and is causing irreparable injury to Plaintiff and, unless enjoined by this Court, will continue to both damage Plaintiff and deceive the public.

33. Plaintiff has no adequate remedy at law.

## COUNT III:
## FEDERAL TRADEMARK DILUTION
## 15 U.S.C. § 1125(c)

34. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

35. THE FOOD EMPORIUM Marks are famous and distinctive and have been so for many years prior to the first sale of any products or services by Defendant under or in connection with the FRESH EMPORIUM marks.

36. Without Plaintiff's authorization or license, Defendant is using marks in connection with its supermarkets and related goods and services in a manner that impairs the distinctive quality of, and harm the reputation of THE FOOD EMPORIUM Marks.

7

37. The acts and conduct of Defendant complained of herein occurred after THE FOOD EMPORIUM Marks became famous and constitute dilution by blurring and tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

38. Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of Plaintiff's prior rights, and with full knowledge that Defendant has no right, license, or authority to use any of THE FOOD EMPORIUM Marks or any designations confusingly similar thereto.

39. Plaintiff has no adequate remedy at law.

## COUNT IV:
## STATUTORY UNFAIR COMPETITION
## N.J.S.A. § 56:4-1 *et seq.*

40. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

41. Defendant's acts set forth above constitute unlawful, unfair, or fraudulent business practices in violation of N.J.S.A. § 56:4-1 *et seq.*

42. By reason of Defendant's infringing activities, Defendant has damaged and caused irreparable harm to Plaintiff and, unless restrained, will continue to damage and cause irreparable injury to Plaintiff's goodwill and reputation.

43. Defendant's acts have injured and will continue to injure Plaintiff by, among other things, diluting Plaintiff's distinctive marks, confusing customers, and causing reputational injury.

44. Defendant has profited from its unlawful acts and should not be permitted to retain its ill-gotten gains.

45. Plaintiff has no adequate remedy at law.

## COUNT V:
## STATE TRADEMARK DILUTION
## N.J.S.A. § 56:3-13.20

46. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff's THE FOOD EMPORIUM Marks are distinctive and famous in the state of New Jersey.

48. Defendant's acts set forth above are likely to dilute the distinctive quality of Plaintiff's THE FOOD EMPORIUM Marks, in violation of N.J.S.A. § 56:3-13.20.

49. Defendant's acts set forth above have caused, and, unless enjoined by this Court, will continue to cause irreparable injury to Plaintiff.

50. Plaintiff has no adequate remedy at law.

## COUNT VI:
## COMMON LAW UNFAIR COMPETITION

51. Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

52. Defendant has injured Plaintiff by, among other things, passing off Defendant's goods and services as Plaintiff's genuine products and services. Defendant's conduct is likely to confuse prospective customers as to the origin, source, or sponsorship of Defendant's goods and services, or to cause mistake or deceive the public into believing that Defendant's goods and services originate with or are associated with The Food Emporium Stores.

53. Defendant's unauthorized use of marks confusingly similar to THE FOOD EMPORIUM Marks is with full knowledge of Plaintiff's prior use of those marks, with full knowledge of the substantial reputation and goodwill associated with Plaintiff and those marks, and with full knowledge that Defendant has no license or authority to use THE FOOD

EMPORIUM Marks or imitations of those marks.  By appropriating the goodwill of THE FOOD EMPORIUM Marks, Defendant unjustly enriches itself and damages Plaintiff.

54. Defendant's conduct constitutes unfair competition with Key Food under the common law of New Jersey.  This conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.

55. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor, as follows:

1. That the Court permanently enjoin Defendant and its principals, parents, subsidiaries, affiliates, officers, directors, shareholders, agents, employees, representatives, attorneys, successors, and assigns, and all persons in active concert and participation with them or any of them, from:

   a) Using in their business, or in connection with the marketing, distribution, offering for sale, or sale of any products or services, (i) any mark that consists of or includes the term FRESH EMPORIUM, (ii) any other imitations of THE FOOD EMPORIUM Marks, or (iii) any other word, name, symbol, or device likely to cause confusion with or dilution of THE FOOD EMPORIUM Marks;

   b) Using, authorizing, or aiding any third party to use (i) any mark that consists of or includes the term FRESH EMPORIUM, (ii) any other imitations of THE FOOD EMPORIUM Marks, (iii) any other word, name, symbol, or device likely to cause confusion with or dilution of any of THE FOOD EMPORIUM Marks, or (iv) any other any false designation of origin, or to perform any

10

        act that can or is likely to mislead members of the public to believe that any products or services offered by Defendant are in any manner associated or connected with Plaintiff, or sponsored, approved, or authorized by Plaintiff, or that any products or services offered by Plaintiff are in any manner associated or connected with Defendant;

    c) Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's rights in the word mark THE FOOD EMPORIUM or any stylized version of that mark; and

    d) Assisting or aiding any third party in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

2. That Defendant be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days of entry of such judgment a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the above.

3. That Defendant be ordered to recall from all distribution channels and deliver up for impoundment and destruction, or show proof of destruction, of all products, packaging, labels, signage, advertising, promotional materials, or other materials in the possession, custody, or control of Defendant bearing or consisting of (i) any mark that consists of or includes the term FRESH EMPORIUM, or (ii) any other marks or symbols that are found to infringe or dilute any of Plaintiff's trademarks or service marks, or that otherwise unfairly compete with Plaintiff and its goods or services, or that are otherwise deceptive.

4. That Plaintiff be awarded monetary relief, including its actual damages, Defendant's profits, treble damages and increased profits as provided by federal law, including 15 U.S.C. § 1117, and enhanced damages as provided for under state law, including N.J.S.A. §

56:4-2, arising out of Defendant's acts of trademark infringement, unfair competition, false designation of origin, and dilution, together with appropriate interest.

5. That Plaintiff be granted its costs in this civil action, including disbursements and reasonable attorneys' fees and expenses.

6. That Plaintiff be granted any other, further, or different relief that this Court deems just and proper.

Dated: June 3, 2016

ROTTENBERG LIPMAN RICH, P.C.

By:_____
    Thomas E. Chase, Esq.
Park 80 West, Plaza One
250 Pehle Avenue, Suite 101
Saddle Brook, New Jersey 07663
Tel: (201) 490-2022
tchase@rlrpclaw.com
*Local Counsel for Plaintiff, Key Food Stores Co-Operative, Inc.*

ROPES & GRAY LLP
Robert S. Fischler, Esq. (*pro hac vice* application pending)
Evan Gourvitz, Esq. (*pro hac vice* application pending)
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 596-9000
Robert.Fischler@ropesgray.com
Evan.Gourvitz@ropesgray.com
*Lead Counsel for Plaintiff, Key Food Stores Co-Operative, Inc.*